[Sac. No. 7607. In Bank. Sept. 15, 1964.]

PIERRE E. G. SALINGER, Petitioner, v. FRANK M. JORDAN, as Secretary of State, Respondent.

Goldstein, Kopp & Skinner, Alvin H. Goldstein, Jr., Quentin L. Kopp and David L. Skinner, Jr., for Petitioner.

Overton, Lyman & Prince, Eugene Overton, Carl J. Schuck and Lawrence J. Larson for Respondent.

THE COURT.—In this case petitioner (hereinafter called Salinger) seeks a writ of mandamus to compel respondent Secretary of State (hereinafter called Secretary) "to designate him on the November 3, 1964 ballot as a 'United States Senator,' and to list him first on that part of the ballot reserved for Senatorial Candidates."

Salinger alleges, and the Secretary does not deny, that Salinger is now and since August 5, 1964, has been a United States Senator from the State of California; that the United States Senate administered to him the oath of office and seated him as a United States Senator; that pursuant to article I, section 5, clause 1, of the United States Constitution, the Rules Committee of the United States Senate approved his seating as a Senator and that in the primary election of June 2, 1964, he won the Democratic Party nomination for the United States Senate.

Section 10301 of the Elections Code provides, in part, as follows: "The designation shall remain the same for all purposes of both primary and general elections unless the candidate, at least 45 days prior to the general election, requests in writing a different designation which he then has the option to use under section 10219." On August 14, 1964, more than 45 days prior to the general election, Salinger, by letter, requested the Secretary to designate him as "United States Senator." By letter dated August 24th the Secretary rejected Salinger's request stating: "Inasmuch as your name appeared on the June ballot without designation, this office takes the position there can be no *different designation* in your case, there having been no designation from which a change could be made. Therefore, this office must refrain from honoring your request."

We have accepted the case at this juncture pursuant to the stipulation of the parties that the proceedings be submitted to this court as an application for a peremptory writ of mandate and that the parties have waived issuance of any alternative writ of mandate, as well as oral argument, and that they have further stipulated that the decision of the court may be made final forthwith.

Sections 10301 and 10219 of the Elections Code entitle Salinger as an incumbent United States Senator to designate his occupation as a United States Senator; section 10202 of the Elections Code provides that, as an incumbent, Salinger's name "shall appear first upon a list of all candidates" for that office. These sections speak for themselves; they apply

to the instant case; we explain hereinafter that the respondent's refusal to follow them rests upon no legal basis.

A major purport of the Elections Code is to insure the accurate designation of the candidate upon the ballot in order that an informed electorate may intelligently elect one of the candidates. Section 10301 of the Elections Code expresses a legislative mandate: "No candidate shall assume a designation which would mislead the voters."

Section 10301 permits Salinger to obtain a designation in the general election different from the one used in the primary election by requesting in writing such "different designation which he then has the option to use under section 10219." Section 10219 contains *three* subdivisions which afford the candidate the option of one of the following designations: (a) "Words designating the city, county, district, federal, or state office which the candidate then holds at the time of filing his nomination papers"; (b) "If the candidate is a candidate for the same office which he then holds, and only in that event, the word 'incumbent' "; (c) "Words designating the profession, vocation or occupation of the candidate, which shall not exceed three in number."

Salinger qualifies under subsection (b), which authorizes a person who is "a candidate for the same office which he then holds" to describe himself as an "incumbent." Since Salinger is running for the office which he now holds, he meets the specification. The term "United States Senator" in this instance is the equivalent to incumbent; its usage here does not "mislead the voters."

Salinger also qualifies under subsection (c) which permits the designation of the candidate's "profession, vocation or occupation." Salinger's occupation is admittedly that of United States Senator and any other designation would be misleading.

 The Secretary argues that subsection (a) precludes the application of subsection (c) and that Salinger cannot rely upon the former subsection because it is limited to a public office which the candidate holds "at the time of filing his nomination papers"; that since Salinger did not hold the office of United States Senator at that moment in time he cannot qualify.

The assertion fails because subsection (a) does not apply to the instant case; it pertains to the different situation in which a candidate, while holding one office, runs for *another* office. Such would be the case, for example, if a city officer filed for a state office. In reference to this situation, the

Attorney General ruled in 1962, 39 Ops. Cal. Atty. Gen. 175, that a candidate could not designate himself as holding a public office unless he occupied that office on the day of the election.

In 1963 the Legislature rejected the Attorney General's ruling by adding to the first sentence of subsection (a) the words *at the time of filing his nomination papers.* Thus the Legislature modified the requirements of subsection (a) so as to enable those candidates whose term of office expired after the time for filing nomination papers but prior to the day of election to use the title of the expired office as the designated occupation. Viewed in this perspective, subsection (a) does not bear upon the issue before us and stands as no bar to the requested relief.

Moreover, subsection (c) contains no requirement that the occupation of the candidate be determined as of the date of filing his nomination papers. It merely encompasses the requirement that no candidate assume a designation which would be misleading to the voters.

Finally, the Secretary urges the contention that since Salinger received no designation on the June ballot he cannot obtain one now because "there having been no designation," no "change could be made." The Secretary apparently argues that a designation of United States Senator is not a "different designation" from the omission of any designation and that the absence of a designation is the same as the presence of one. Surely the designation of "United States Senator" differs from no designation.

As to the place of Salinger's name on the ballot, we point out that section 10202 of the Elections Code states that: "The name of the incumbent shall appear first upon a list of all candidates for any office. . . ." Salinger, as an incumbent, is entitled to such a place on the ballot in the general election.

The statutory provisions must, of course, be followed. The legislative mandate that the designation of candidates not mislead the voters should not be thwarted by a refusal to apply the statute and by failure properly to designate upon the ballot one who is admittedly a United States Senator.

It is ordered that a peremptory writ of mandate issue requiring respondent to designate petitioner as "United States Senator" on the November 3, 1964, ballot and to place Salinger's name first among the list of candidates for said office. This order is final forthwith.

Mosk, J., did not participate.