[No. B033576. Second Dist., Div. Five. Mar. 31, 1988.]

SHERRILL D. LUKE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JEWELL JONES et al., Real Parties in Interest.

**COUNSEL**

Pillsbury, Madison & Sutro, F. John Nyhan and Thomas N. Vanderford, Jr., for Petitioner.

No appearance for Respondent.

William L. Winslow, Anthony A. Miller, Richard S. Nishite, Oliver S. Cox, DeWitt W. Clinton, County Counsel, and Philip H. Hickock, Deputy County Counsel, for Real Parties in Interest.

**OPINION**

**ASHBY, Acting P. J.**—Petitioner Luke and real party Jones are opposing candidates for an open seat on the Los Angeles Superior Court. Luke, a Los Angeles Municipal Court judge, seeks to bar Jones, a Los Angeles Superior Court commissioner, from using the title "Judge, Los Angeles County (Acting)" as an occupational designation on the sample ballot for the June 7, 1988, consolidated primary election. We grant the petition.

Elections Code section 10211, subdivision (a),[1] permits a candidate for judicial office to submit to the registrar (in the case of a county office) or the Secretary of State (in the case of a state office) a proposed ballot designation describing the candidate's occupation. Nonincumbents may utilize either subdivision (a)(1) ["Words designating the elective city, county, district, state, or federal office which the candidate holds at the time of filing the nomination papers to which he or she was elected by vote of the people, or to which he or she was appointed, in the case of a superior, municipal, or justice court judge."] or subdivision (a)(3) ["No more than three words designating the principal professions, vocations, or occupations of the candidate."]. "Creative" uses of these subsections are impeded by subdivision (b)(1), which prohibits the Secretary of State or any other election official from accepting a ballot designation which would mislead the voter. The designation "Judge-Los Angeles County (Acting)" is neither the title of the office which Commissioner Jones presently holds (subdivision (a)(1)), nor an accurate description of her occupation (subdivision (a)(3)).

Commissioner Jones apparently elected to forego subdivision (a)(1), which would have required her to use the title "Superior Court Commissioner" or some acceptable variation thereof, and proceed under subdivision (a)(3), which permits a descriptive title of three words or less. Commissioner Jones accepted the ballot designation "Judge-Los Angeles County (Acting)" after the Secretary of State properly rejected her first two choices, "Judge Pro Tem, Superior Court" and "Judge-Pro Tem, Superior Court."[2]

When the news of Commissioner Jones's proposed ballot designation reached Judge Luke, he petitioned the respondent court for a writ of mandate ordering the Secretary of State to disallow the designation because it was misleading. After a lively hearing at which the court, without success, attempted to strike a compromise, the court ruled that the designation was not misleading and that Commissioner Jones would suffer more prejudice from having to designate herself as a "Commissioner" (a term unfamiliar to the community at large) than Judge Luke would suffer if Commissioner Jones were permitted to use her proposed designation of "Judge-Los Angeles County (Acting)."

---

[1] Statutory references are to the Elections Code unless otherwise indicated.

[2] In 1980, Division Three of this court disapproved a commissioner's use of the ballot designation "Judge Pro Tempore." (*Workman and Panish* v. *Superior Court (Ragins)* 2 Civ. No. 58915.) The Registrar/Recorder of the County of Los Angeles, real party Charles Weissburd, takes the position that "the only candidates who may refer to themselves as 'judges' are those who have been elected by the people to such office or have been appointed by the Governor."

■ Despite our admiration for the work done by the commissioners employed by the court system, we disagree with the respondent court's conclusion that the designation proposed by Commissioner Jones is not misleading.

Although Commissoner Jones may act as a judge by stipulation, she is not an "acting judge." That term is misleading because it implies that she is the "acting" occupant of the office she is seeking by election. The implication is that the election is a mere formality. We see no appreciable difference between the term "acting judge" and the term "judge pro tempore," the use of which has been disapproved by this court. (See fn. 2, *ante.*)

The respondent court reached its conclusion that the proposed designation was not misleading after inquiring at length about the particular duties performed by Commissioner Jones. The court recognized that some commissioners perform ministerial-type functions which do not require the stipulation of the parties, while others serve as judges pro tempore virtually all of the time.[3] The court concluded that because Commissioner Jones performs judicial functions "more often than not," it would be "unfair that she not be able to inform the public that she has for a period of time been performing exactly the same work that Judge Luke does."

The flaw in the subjective analysis employed by the respondent court is that it does not provide any objective standards for the election officials who are called upon to approve or disapprove ballot designations. In the case of a court commissioner running for judicial office, such a subjective analysis invites judicial intervention to determine, on a case-by-case basis, whether the commissioner performed as a judge pro tem by stipulation enough of the time to warrant the designation "acting judge," or some similarly creative title. Such a procedure is simply unworkable.

We therefore hold that neither a court commissioner, nor any other individual who is not a "judge," as that term is defined in the Constitution and statutes of this state, may utilize a ballot designation containing the word "judge" or a derivative thereof.

---

[3]Commissioner Jones sits in dependency court, where cases are assigned to judges and commissioners sitting as judges pro tem without distinction between the two categories. Commissioner Jones may hear dependency matters as to which no penalty attaches without the stipulation of the parties. A stipulation that the commissioner may act as a judge pro tem is required in matters where a penalty may attach. Commissioner Jones estimates that in her seven years as a commissioner, over 50 percent of her decisions have been made as a judge pro tem.

The respondent court is hereby ordered to vacate its order of March 24, 1988, denying the petition of Sherrill Luke for a peremptory writ of mandate, and enter a new and different order granting the petition as prayed, in that matter entitled Sherrill D. Luke v. Charles Weissburd and March Fong Eu, Los Angeles Superior Court No. C680892. This order is made final forthwith as to this court.

Boren, J., and Hastings, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.