[No. B083581. Second Dist., Div. Three. Nov. 21, 1995.]

DEBORAH B. ANDREWS, Plaintiff and Respondent, v.
BEATRIZ VALDEZ, as Registrar/Recorder, etc., Defendant and
Appellant.

COUNSEL

De Witt W. Clinton, County Counsel, and Halvor S. Melom, Principal Deputy County Counsel, for Defendant and Appellant.

Keesal, Young & Logan and Dawn M. Schock for Plaintiff and Respondent.

OPINION

KITCHING, J.—

INTRODUCTION

The trial court correctly issued a peremptory writ of mandate ordering the Los Angeles County Registrar to accept plaintiff's ballot designation of her occupation as "administrative law judge." That ballot designation reflects a title authorized by statute, accurately describes plaintiff's occupation, and does not mislead voters. We therefore affirm the judgment.

On March 21, 1994, plaintiff Deborah B. Andrews (Andrews) filed a petition seeking a peremptory writ of mandate ordering defendant Beatriz Valdez, Los Angeles County Registrar/Recorder (Valdez), to designate Andrews's occupation on the June 7, 1994, ballot as "administrative law judge."

Andrews was a candidate for judge of the Long Beach Municipal Court. She designated her principal occupation as "administrative law judge," which is her full-time, current principal occupation. She was appointed under the authority of the California Unemployment Insurance Appeals Board.

Valdez, the officer responsible for approving and disapproving ballot designations, rejected Andrews's designation as impermissible under California Elections Code section 10211. The petition alleged that Valdez's office required Andrews either to leave the ballot designation blank or to create an alternative principal occupation that did not include the word "judge."

Following a March 24, 1994, hearing, the trial court's judgment granting a peremptory writ of mandate ordered Valdez to accept the ballot designation "administrative law judge." Valdez filed a notice of appeal on April 22, 1994.

## ISSUE

■  Valdez claims that Elections Code section 10211, subdivision (b)(1)[1] and *Luke* v. *Superior Court* (1988) 199 Cal.App.3d 1360 [245 Cal.Rptr. 594] (*Luke*) make Andrews's designation impermissible.

## DISCUSSION

Among other requirements, section 10211, subdivision (a)(3) confines candidates to designations of "[n]o more than three words designating . . . the current principal professions, vocations, or occupations of the candidate[.]" No dispute arises concerning the fact that Andrews's principal profession, vocation, or occupation is as an administrative law judge; this title does not merely describe a "status" from which Andrews derives no revenue, income, or a livelihood. (See *Andal* v. *Miller* (1994) 28 Cal.App.4th 358, 365 [34 Cal.Rptr.2d 88].)

Instead this appeal turns on whether Valdez properly disapproved Andrews's designation as misleading. Section 10211, subdivision (b)(1) states: "Neither the Secretary of State nor any other election official shall accept a designation that . . . [w]ould mislead the voter." This provision seeks to prevent "creative" misuse of ballot designations by candidates. (*Luke, supra,* 199 Cal.App.3d at p. 1362.)

In *Luke,* a Los Angeles Municipal Court judge sought to bar Jones, an opposing candidate in an election for an open seat on the Los Angeles County Superior Court, from using "Judge, Los Angeles County (Acting)" as an occupational ballot designation. The Secretary of State accepted this designation after previously rejecting two of Jones's earlier choices, "Judge

---

[1]Unless otherwise specified, statutes cited in this opinion will refer to the California Elections Code.

Pro Tem, Superior Court" and "Judge-Pro Tem, Superior Court." In fact, Jones was a Los Angeles Superior Court commissioner. (*Luke, supra*, 199 Cal.App.3d at p. 1362.)

*Luke* concluded that although Commissioner Jones could act as a judge by stipulation, Jones was not an "acting judge." *Luke* characterized its holding as follows: "neither a court commissioner, nor any other individual who is not a 'judge,' as that term is defined in the Constitution and statutes of this state, may utilize a ballot designation containing the word 'judge' or a derivative thereof." (*Luke, supra*, 199 Cal.App.3d at p. 1363.)

*Luke* does not govern the present appeal. First, Andrews does not "creatively" misuse the ballot designation; "administrative law judge" accurately describes her title. It does not misstate, embroider, or elaborate her occupation; unlike what happened in *Luke*, Andrews has not invented a job description nowhere authorized by statute. Andrews's occupational designation is consistent with the purpose of the Elections Code, which is "to insure the accurate designation of the candidate upon the ballot in order that an informed electorate may intelligently elect one of the candidates." (*Salinger v. Jordan* (1964) 61 Cal.2d 824, 826 [40 Cal.Rptr. 361, 395 P.2d 49].)

Second, the ballot designation is not misleading. *Luke* found the term "acting judge" misleading because it implied that Commissioner Jones was an "acting" occupant of the office she sought by election. The designation "Judge, Los Angeles County (Acting)" thus implied that election to become a judge of the Los Angeles County Superior Court was a mere formality. (*Luke, supra*, 199 Cal.App.3d at p. 1363.) No such implication arises in the present appeal.

Finally, the trial court relied on the holding in *Luke*, which prohibited anyone who is not a "judge," as that term is defined in the Constitution and statutes of California, from using a ballot designation containing that word. California statutes do provide for the appointment of administrative law judges. (Gov. Code, §§ 11500, subd. (d) and 11502; Unemp. Ins. Code, § 404.) The Legislature expressly applied that title to the office filled by plaintiff Andrews by amending Unemployment Insurance Code section 404 to substitute "administrative law judge" for "referee." (Stats. 1984, ch. 537, § 2, p. 2096.) *Luke* warned against relying on the subjective analyses of election officials as an "unworkable" procedure, inviting repeated judicial intervention. (*Luke, supra*, 199 Cal.App.3d at p. 1363.) A professional title authorized by statute, however, provides an objective standard that an election official may use as a basis for approving a ballot designation.

*Luke* properly rejected a candidate's attempt to invent a nonexistent occupational designation which misleadingly implied that the candidate

already occupied the office sought by the candidate. In this appeal the Legislature's approval of "administrative law judge" left Andrews with no other choice but to designate that title accurately. We therefore conclude that the trial court ruled correctly.

## DISPOSITION

The judgment is affirmed. Costs to plaintiff.

Klein, P. J., and Aldrich, J., concurred.