Filed 8/26/22 Spencer v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| REBECCA SPENCER etc. et al., | |
| Petitioner, | E079205 |
| v. | (Super.Ct.No. CVRI2201438) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| AMY BARAJAS, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Daniel A. Ottolia, Judge. Petition granted.

Gregory P. Priamos, County Counsel, Ronak N. Patel, Bruce G. Fordon and Kathryn E. Romo, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

1

**INTRODUCTION**

Petitioners Rebecca Spencer and the Riverside County Registrar of Voters (collectively "the County") seek a peremptory writ of mandate directing respondent Superior Court of Riverside County to vacate its April 19, 2022 order that required the County to print primary election ballots using candidate Amy Barajas's designation of "Senior Deputy District Attorney." The County contends this ballot designation violates Elections Code section 13107 and California Code of Regulations, title 2, section 20716, and that the improper designation must be addressed before the upcoming general election.

Recognizing the urgency of the matter, we requested an opposition to the petition and advised the parties we may issue a peremptory writ in the first instance under *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178. No response was filed. We agree with the County and grant the requested relief.

**FACTS**

Real Party in Interest Amy Barajas is a candidate running for superior court judge. Before the primary election earlier this year, Barajas requested the ballot designation of "Gang Homicide Prosecutor." The County notified Barajas that the designation violated Elections Code section 13107 and recommended that she use "County of Riverside Deputy District Attorney" instead.

Barajas responded by filing a petition for writ of mandate in the superior court requesting the court order the County to use "Gang Homicide Prosecutor" as her ballot designation. The County filed an opposition. At the hearing on the petition, the court

2

found Barajas's chosen designation did not comply with Elections Code section 13107, subdivision (b), because it identified her assignment in the District Attorney's Office, rather than her job title. The court denied the petition but granted Barajas's oral request to use the alternative designation of "Senior Deputy District Attorney." The court accepted Barajas's argument that she was a Level IV Deputy District Attorney, which is a senior level position. The court took judicial notice of a list of Riverside County job titles which included Deputy District Attorney IV, IV-P, IV-S, and IV-T. According to Barajas, the signifiers IV-P and IV-T designate senior level positions. The court ordered the County to use the designation: "Senior Deputy District Attorney."

The County complied with the court's order and printed the primary election ballots with Barajas's designation of "Senior Deputy District Attorney." Absent a written request from Barajas, the same designation will be used on the upcoming general election ballots. (Elec. Code, § 13107, subd. (h).)

## DISCUSSION

The trial court's order is an appealable judgment. (Code Civ. Proc., §§ 904.1, subd. (a)(1), 1064.) However, expedited review by extraordinary writ is warranted to resolve the matter before the general election. (*Lungren v. Superior Court* (1996) 48 Cal.App.4th 435, 438; *Hayward Area Planning Assn. v. Superior Court* (1990) 218 Cal.App.3d 53, 55-56.)

When reviewing a trial court's judgment on a petition for writ of mandate, we apply the substantial evidence test to the court's findings of fact and independently review the court's conclusions on questions of law, which include the interpretation of a

3

statute and its application to undisputed facts. (*California Public Records Research, Inc. v. County of Stanislaus* (2016) 246 Cal.App.4th 1432, 1443.)

"All ballots used in all elections" are governed by Elections Code section 13100, et. seq. (Elec. Code, § 13100.) In local elections "where the Secretary of State is not involved . . the local elections official is the person substantively responsible for the acceptance or rejection of a ballot designation." (*Cook v. Superior Court* (2008) 161 Cal.App.4th 569, 578, italics omitted.)

The ballot designation is the information listed directly below the name of the candidate on the ballot. (Elec. Code, § 13107, subd. (a).) "For a candidate for judicial office who is an active member of the State Bar employed by a city, county, district, state, or by the United States, the designation shall appear as one of the following: [¶] (A) Words designating the actual job title, as defined by statute, charter, or other governing instrument. [¶] (B) One of the following ballot designations: 'Attorney,' 'Attorney at Law,' 'Lawyer,' or 'Counselor at Law.' . . ." (Elec. Code, § 13107, subd. (b)(2).) If a judicial candidate is "an official or employee" of a city or county, the designation "shall" also include the name of the city or county. (Elec. Code, § 13107, subd. (b)(3).) The elections official "shall not accept a designation of which any of the following would be true: [¶] (1) It would mislead the voter. [¶] (2) It would suggest an evaluation of a candidate, such as outstanding, leading, expert, virtuous, or eminent." (Elec. Code, § 13107, subd. (e)(1), (2).)

California Code of Regulations, title 2, section 20716 addresses "Unacceptable Ballot Designations." The regulation requires the Secretary of State to "reject as

4

unacceptable any proposed ballot designation which would suggest an evaluation of the candidate's qualifications, honesty, integrity, leadership abilities or character. Any laudatory or derogatory adjectives which would suggest an evaluation of the candidate's qualifications shall not be permitted. Such impermissible adjectives include, but are not limited to, 'senior,' 'emeritus,' 'specialist,' 'magnate,' 'outstanding,' 'leading,' 'expert,' 'virtuous,' 'eminent,' 'best,' 'exalted,' 'prominent,' 'famous,' 'respected,' 'honored,' 'honest,' 'dishonest,' 'corrupt,' 'lazy,' and the like." (Cal. Code Regs, tit. 2, § 20716, subd. (e).)

The error under these authorities is clear. The court-ordered ballot designation of "Senior Deputy District Attorney" violates Elections Code section 13107, subdivision (b)(3), because it does not include Riverside County. It violates Elections Code section 13107, subdivision (e)(2), and Code of Regulations, title 2, section 20176, subdivision (e), because it uses the term "senior," a laudatory adjective that suggests evaluation of the candidate's qualifications. The designation is also potentially misleading in violation of Elections Code section 13107, subdivision (e)(1), because it implies that Barajas has more experience than her opponent, another Deputy District Attorney, which may or may not be the case.

"[T]he purpose of the Elections Code . . . is 'to insure the accurate designation of the candidate upon the ballot in order that an informed electorate may intelligently elect one of the candidates.' " (*Andrews v. Valdez* (1995) 40 Cal.App.4th 492, 495.) The appropriate place for candidates to distinguish themselves from their opponents is the candidate statement, not the ballot designation. (See Elec. Code, § 13307, subd. (a)(1) [a

5

candidate statement for nonpartisan elective office "may include the name, age, and occupation of the candidate and a brief description, of no more than 200 words, of the candidate's education and qualifications expressed by the candidate himself or herself"].)

## DISPOSITION

Having followed the procedures and given the notice described in *Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at p. 178, we deem this an appropriate matter for issuance of a peremptory writ in the first instance. The error is clear, and acceleration of the normal process is warranted because the issue impacts the upcoming general election. (See *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241.)

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its April 19, 2022 order directing the County Registrar of Voters to print primary election ballots that include candidate Amy Barajas's designation of "Senior Deputy District Attorney."

Consistent with Elections Code section 13107, subdivision (f), the County Registrar of Voters shall give Amy Barajas three days from the date of the filing of this decision, excluding weekends and state holidays, to accept or reject the County's previously recommended ballot designation of "County of Riverside Deputy District Attorney."

Petitioners are DIRECTED to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. Petitioners to recover their costs. This decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

6

The stay issued by this court on August 9, 2022 is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.